## RAINEY *against* BLACK.

It is error to supercede the evidence of the cause of action, by counter evidence in anticipation of its effect.

ERROR to *Westmoreland* county.

This was an action of debt on an award in which the plaintiff in error was the plaintiff below. The plaintiff having proved the execution of the submission and award, offered to read the same to the jury; the defendant objected, and in order to support his objection, gave evidence to the court which tended to show, that the submission had been revoked before the award made. The court decided the law to be, that the submission was revocable, and the fact to be, that it was revoked; and therefore rejected the evidence; to which the plaintiff took exception; which is the subject of this writ of error.

*Kuhns* and *J. B. Alexander* for plaintiff in error, whom the court declined to hear.

*J. Y. Barclay* and *Foster* for defendant in error, cited, *Kyd, on awards,* 29.

(Rainey *v.* Black.)

PER CURIAM.—Whether the submission were revocable or not, the fact of actual revocation, which was the main point of the defence, was withdrawn from the jury. But it is well settled, though not sufficiently attended to in practice, that evidence of the cause of action is not to be superceded by counter evidence in anticipation of its effect. Under the plea of *non est factum* the court cannot prevent the disputed deed from going before the jury, on a supposition that the execution of it has not been sufficiently proved, or that the evidence of the party maintaining the affirmative of the issue has been disproved. Here the existence of the submission at the time of the award, was the very thing to be decided; and as it was a matter of fact, the evidence on both sides ought to have gone to the jury.

Judgment reversed, and a *venire de novo* awarded.